United States District Court
Southern District of Texas
**ENTERED**
October 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LOYD LANDON SORROW, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-169 |
| § | |
| UNITED STATES OF AMERICA, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Lloyd Landon Sorrow, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this civil action. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For purposes of screening, the undersigned recommends that: (1) the Court lacks subject matter jurisdiction to consider Plaintiff's procedural due process claim set forth in Claim Seven; and (2) Plaintiff's remaining claims against Defendants be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**I.     JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas. In his original complaint, Plaintiff sues the United States of America and the United States Attorney General.

Plaintiff is a disabled veteran with two knee injuries. In this action, he challenges the constitutionality of 38 U.S.C. § 5313 and 38 C.F.R. § 3.665, which reduce Plaintiff's veteran's disability benefits while incarcerated for a felony offense. These provisions became effective in 1980. He asks the Court to declare the statute and implementing regulation unconstitutional. He further seeks an injunction to enforce his rights to a valid contract with the United States Government that was entered into in 1978, before the statute and regulation went into effect.

A *Spears*[1] hearing was conducted on August 20, 2020. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint and exhibits (D.E. 1, 2): Plaintiff is 60 years old. On May 25, 1977 Plaintiff enlisted in the United States Marines. (D.E. 2, pp. 5-8). When Plaintiff was 17, he injured both his knees while in basic training for the Marines when an exercising pole fell across his legs. He was denied medical care by his instructor.

Plaintiff was diagnosed with Osgood Slaughters Disease which was aggravated by the training injury and continued physical training. Plaintiff currently has enlarged bone

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

spurs from the injury and suffers from degenerative bone disease as well as instability of his knees and pain.

In early 1978, Plaintiff received a discharge under honorable conditions due to his medical condition. (D.E. 2, p. 23). Plaintiff was granted Disability Injury Compensation for life or until his injury healed. Plaintiff, who had signed a contract when he enlisted with the Marines, signed another contract where he would receive 10% disability for each of his knees. (D.E. 16, p. 6). Plaintiff began receiving disability immediately upon separation from the Federal government. (D.E. 16, p. 7). He received around $80 per month at the beginning.

Plaintiff was convicted in Harris County of aggravated sexual assault of a child and sentenced on September 6, 2002 to 270 months in prison. Following his felony conviction, he entered into TDCJ custody. Plaintiff initially was not aware that § 5313 and § 3.665 were enacted in 1980 with retroactive effect. Sometime in 2003 or 2004, Plaintiff began to see a reduction in the amount of disability payments he received from the Veteran's Administration (VA). Plaintiff's knees are getting worse. In 2008 or 2009, Plaintiff's left knee was upgraded to 20% disability and his right knee remained at 10% disability. (D.E. 16, p. 6).

Plaintiff arrived at the McConnell Unit sometime around 2016 or 2017. Pursuant to § 5313 and § 3.665, Plaintiff currently receives only 10% of the 30% he would receive if he was not incarcerated. (D.E. 16, pp. 8, 12). While Plaintiff would normally receive over $400 disability per month, he currently receives $140 per month.

Plaintiff challenged the reduction in his disability payments, but was denied relief by the Board of Veterans' Appeals. (D.E. 16, p. 12). Plaintiff then filed three appeals with the Court of Veterans' Appeals, but there was no response by that court. According to Plaintiff, he raised the same claims in his appeals that he seeks to raise in this action. (D.E. 16, p. 11).

### III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d

322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

**IV.     DISCUSSION**

The payment of disability compensation benefits to a veteran incarcerated for conviction of a felony is limited by 38 U.S.C. § 5313, which provides that:

> (a)(1) ... [A]ny person who is entitled to compensation ... and who is incarcerated in a Federal, State, local, or other penal institution or correctional facility for a period in excess of sixty days for conviction of a felony shall not be paid such compensation ... for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, in an amount that exceeds—
>
> > (A) in the case of a veteran with a service-connected disability rated at 20 percent or more, the rate of compensation payable under section 1114(a) of this title; or

> (B) in the case of a veteran with a service-connected disability not rated at 20 percent or more … one-half of the rate of compensation payable under section 1114(a) of this title.

38 U.S.C. § 5313(a)(1). The implementing regulation, which is not materially different from § 5313 with respect to Plaintiff's claims, likewise provides for a limitation on the amount of compensation available to veterans who were incarcerated on a felony conviction committed after October 7, 1980. *See* 38 C.F.R. § 3.665(c).

Plaintiff generally asserts that § 5313(a)(1) and § 3.665 breach the "bartered contract for [his] compensation of [his] two injuries, by a systematic use of unconstitutional provisions." (D.E. 1, p. 5). Plaintiff specifically claims that these provisions are unconstitutional as follows:

> Claim One -The enactment of § 5313(a)(1) and § 3.665 violates the Separation of Powers doctrine by intruding on state criminal matters and adding a more severe punishment to the state sentence. Plaintiff asserts that the Executive Branch of the Government is using a judicial function triggering device to activate a punitive law and regulation against a compensation award entitled to him via a contract.

> Claim Two - The provisions at issue add a second financial penalty to his state sentence and confiscate property he is entitled to by contract without due process. In other words, Plaintiff already has a vested right in his compensation, and the provisions violate the provision of the Constitutional that prohibit bills of attainder.

> Claim Three - The provisions at issue are being applied retroactively in violation of *ex post facto* laws.

> Claim Four - The provisions at issue are unconstitutional as they constitute a second penalty to his conviction, in violation of the Double Jeopardy Clause.

> Claim Five - The provisions at issue violate his due process rights in that property pursuant to his contracted compensation payments was taken from him without just compensation.
>
> Claim Six - The provisions at issue violate the constitutional prohibition against the impairment of the obligation of contracts.
>
> Claim Seven - The provision at issue violate Plaintiff's "substantive" due process rights by providing for no hearing or trial or representation by the federal government before reducing Plaintiff's contracted-for compensation payments.
>
> Claim Eight - The provisions at issue violate the constitutional prohibition against imposing excessive fines and fees. Had Plaintiff known of these extra penalties, he would not have entered into a contract.

(D.E. 1, pp. 5-9).

Before considering the merits of Plaintiff's constitutional claims, the first question to address in this case is whether this Court has subject matter jurisdiction. Under the Veterans Judicial Review Act ("VRJA"), a decision by the Secretary of the VA regarding benefits to veterans or their dependents or survivors "shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a).

The Fifth Circuit Court of Appeals "has [further] explained that a federal court's jurisdiction to hear disputes involving veteran's benefits is narrowly limited in scope because Congress created a specific appellate review structure for disputes involving veterans and the Department of Veterans Affairs." *Carter v. Tex. Dept. of Vets. Affairs*, M.C. No. C–13–157, 2013 WL 1870425, at *2 (S.D. Tex. April 18, 2013) (citing *Zuspann v. Brown*, 60 F.3d 1156, 1158-69 (5th Cir. 1995)). The VRJA provides for

appeal of denial of benefits in the United States Courts of Appeal for Veterans Claims. Decisions by the Court of Appeals for Veterans Claims are appealable in the United States Courts of Appeals for the Federal Circuit. 38 U.S.C. § 7292(a)-(b) (2002).

When a court considers claims governed by Section 511(a), it must "ask one question: whether the plaintiff is alleging a facial attack on the constitutionality of an act of Congress, or whether the plaintiff is challenging the VA's decision to deny him benefits." *Zuspann*, 60 F.3d at 1158. If the plaintiff's complaint "challenges the constitutionality of the statutes underlying the veterans' benefits program," then the court has subject matter jurisdiction. *Carter*, 2013 WL 1870425, at *2 (citing *Zuspann*, 60 F.3d at 1158). If, on the other hand, the plaintiff's "complaint is an individualized challenge to the VA's decision to deny him benefits," then the Court does *not* have subject matter jurisdiction. *Zuspann*, 60 F.3d at 1158; *see e.g., King v. U.S. Dept. of Vets. Affairs*, 728 F.3d 410, 414 (5th. Cir. 2013); *Williams v. Vets. Affairs Admin.*, No. C–11–195, 2011 WL 2470687 (S.D. Tex. June 17, 2011). In this context, "[b]enefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans [.]" 38 C.F.R. § 20.3(e) (2014).

The determination is a difficult one as to whether Plaintiff's claims assert facial attacks on the constitutionality of § 5313 and § 3.665 or whether they effectively challenge the VA's decision to deny or reduce benefits for being a disabled veteran. In *Lewis v. Norton*, No. 09-C-330, 2009 WL 1041815 (E.D. Wisc. Apr. 17, 2009), the plaintiff, William C. Lewis, sought to enjoin the defendant (an official with the VA) from

recouping some of the compensation earned by Lewis while serving a term of imprisonment for his felony conviction. *Id.* at *1. The VA indicated to Lewis its intent to decrease retroactively the amount of his compensation received under § 3.665. Lewis claimed that the retroactive application of this implementing regulation would violate the *Ex Post Facto* Clause and would constitute a prohibited bill of pains and penalties. *Id.*

The Wisconsin district court concluded that "the framework of the VJRA require[d] Lewis to bring his claim regarding the constitutionality of the regulation elsewhere and that this court lack[ed] subject matter jurisdiction to entertain the complaint." *Id.* at *2. Thus, the *Lewis* court did not construe Plaintiff's constitutional claims as facial attacks on the constitutionality of the implementing regulation, § 3.665, but rather as challenges to specific benefits denied by the VA. The plaintiff in *Lewis* did not challenge the VA's legislation set forth in § 5313. The Wisconsin district court commented that, in the wake of the VJRA, the vitality of any such attacks on the VA veterans' benefits legislation, as opposed to attacks on the implementing regulation, would be debatable. *Id.* at *2 (citations omitted).

The *Lewis* court nevertheless considered and rejected in the alternative Lewis's claims on the merits. *Lewis*, 2009 WL 1041815, at *2-3. Specifically, the court concluded that there was no violation of the Constitution's prohibition against *ex post facto* laws or bills of attainder because the reduction and recoupment of his VA compensation is merely the denial of a noncontractual benefit. *Id.* at *3. The court further recognized that the "restriction of payment of the [VA] benefit was not punishment." *Id.*

In an unpublished decision from the Federal Circuit Court of Appeals, *Hall v. West*, 217 F.3d 860 (Fed. Cir. Nov. 17, 1999), plaintiff William S. Hall claimed that § 5313 and its implementing regulation, § 3.665, "violate[d] the provisions of the United States Constitution that prohibit the impairment of the obligation of contracts, illegal searches and seizures, bills of attainder, *ex post facto* laws, cruel and unusual punishment, double jeopardy, excessive fines, and deprivation of life, liberty, and property without due process or equal protection of laws." *Id.* at *1. Hall appealed the decision by the Board of Veterans' Appeals (as affirmed by the Court of Appeals for Veterans), which denied him compensation benefits under § 5313(a). *Id.* at *1. Hall, who was convicted of a felony in 1991 and sentenced to ten years in prison, received VA compensation benefits prior to his incarceration. However, in accordance with § 5313 and § 3.665, the VA reduced the amount of benefits Hall received beginning on the 61st day of his incarceration.

The federal circuit court affirmed the decision of the Court of Appeals for Veterans Claims. In rejecting Hall's constitutional claims, the appellate court concluded that: (1) the government is not contractually obligated to furnish VA benefits since the granting of compensation allowances creates no vested right to receive such benefit; (2) the suspension of a noncontractual benefit cannot be considered punishment; (3) Hall, assuming he had a protected property interest in VA benefits, had written notice of the VA's decision and a period of time under the regulations to submit evidence and have a hearing with representation; and (4) the statute and implementing regulation at issue are rationally related to the legitimate government interest in preventing prisoners, who are

supported by tax dollars, from receiving additional tax dollars in the form of VA benefits. *Id.* at 1-2.

It is important to note that in *Hall*, the inmate raised his constitutional challenges before the Court of Appeals for Veterans Claims before raising them in the Federal Circuit Court of Appeals. Hall, therefore, followed the framework for appealing benefits' decisions as set forth by the VRJA. The Federal Circuit did not comment as to whether any or all of Hall's claims challenged either the VA's decision to reduce his disability benefits or were instead facial constitutional challenges to § 5313 and its implementing regulation. Following the Fifth Circuit's decision in *Zuspann*, this Court must endeavor to determine whether each of Plaintiff's claims constitutes a facial attack on the constitutionality of § 5313 and its implementing regulation or essentially attacks the VA's decision to deny him benefits. *Zuspann*, 60 F.3d at 1158.

Plaintiff raises a due process claim in Claim Seven which is directed at the lack of protections provided by the VA under the challenged statute and its implementing regulation when it reduced his veterans disability benefit. While initially framing Claim Seven as a substantive due process claim, Plaintiff's claim is properly construed as a procedural due process claim. According to Plaintiff, there are no procedural due process protections in place to restore the benefits withheld from him during his incarceration under § 5313. (D.E. 1, p. 27).

"The VJRA creates an exclusive review procedure for resolving veterans' benefits disputes … and broadly divests federal courts of jurisdiction to review constitutional claim related to VA benefits and procedures." *Green v. Stevenson*, No. 4:17-CV-539,

2018 WL 3826795, at *4 (E.D. Tex. June 22, 2018) (internal quotations and citation omitted). "Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case." *Zuspann*, 60 F.3d at 1159-60.

Plaintiff's due process claim in Claim Seven arises from his complaints about the process used by the VA to withhold or reduce his veterans' benefits during his incarceration without providing him with a notice and hearing. The essence of this claim challenges the VA's determination of Plaintiff's disability benefits during his incarceration. Because Plaintiff seeks to raise in Ground Seven an individualized challenge to the VA's decision to reduce his benefits under § 5313 and the implementing regulation, such due process claim should be dismissed for lack of subject matter jurisdiction.

In contrast to Claim Seven, the undersigned construes Plaintiff's remaining claims as facial attacks on the constitutionality of § 5313 and its implementing regulation. In these claims, Plaintiff asserts that § 5313 and its implementing regulation violate: (1) the constitutional prohibitions against bills of attainder (Claim Two), *ex post fact* laws (Claim Three), double jeopardy (Claim Four), the impairment of obligation of contracts (Claim Six) and excessive fine (Claim Eight); (2) the Separation of Powers doctrine (Claim One); and (3) the Takings Clause of the Fifth Amendment (Claim Five).

Several of Plaintiff's claims are based on Plaintiff's faulty premise that he entered into a contract with the government and that the VA is contractually obligated to provide him with his full disability benefits. In Claim Five, for instance, Plaintiff claims that §

12 / 15

5313 and its implementing regulation violate the constitutional prohibition against the impairment of the obligation of contracts. However, as the courts in *Lewis* and *Hall* recognize, the government is not contractually obligated to provide Plaintiff with VA benefits. *Lewis*, 2009 WL 1041815, at *3; *Hall*, 217 F.3d 860, at *1. Plaintiff is not entitled to relief with respect to Claim Five because the government is not contractually obligated to provide Plaintiff with VA disability benefits and cannot, therefore, impair an obligation of contract by suspending or reducing those benefits under § 5313 and its implementing regulation.

Similar to several claims raised in *Hall*, Plaintiff's challenges the prohibitions against bills of attainder (Claim Two), *ex post facto* laws (Claim Three), double jeopardy (Claim Four), and excessive fines (Claim Eight). Plaintiff also claims that the enactment of § 5313(a)(1) and § 3.665 violates the Separation of Powers doctrine (Claim One). In each of these claims, Plaintiff challenges the illegal imposition of punishment by the government. However, the suspension or reduction of noncontractual disability benefits does not constitute punishment. *Lewis*, 2009 WL 1041815, at *3; *Hall*, 217 F.3d 860, at *1. Section 5313 and its implementing regulation, therefore, cannot be considered to be illegal bills of attainder, *ex post facto* laws, double jeopardy, or excessive fines. Plaintiff's allegations otherwise fails to indicate a violation of the Separations of Powers doctrine as no criminal punishment has been imposed on him by the VA.

Lastly, in Claim Five, Plaintiff claims that § 5313 and its implementing regulation violate his due process rights in that contracted compensation payments were taken from him without just compensation. Plaintiff's claim is construed as one arising under the

13 / 15

Fifth Amendment's Takings Clause. Veterans benefits, however, are not considered to be property interests under the Takings Clause. *See Augusta v. United States*, No. 18-883C, 2018 WL 6721748, at *1, n.3 (Fed. Cl. Dec. 20, 2018) (citing *Schism v. United States*, 316 F.3d 1259, 1268 (Fed. Cir. 2002)). Plaintiff, therefore, has failed to state a violation of the Takings Clause with respect to any reduction in his disability benefits under § 5313 and its implementing regulation.

Accordingly, when assuming that this Court has jurisdiction to consider Plaintiff's claims set forth in Claims One, Two, Three, Four, Five, Six, and Eight as facial constitutional challenges to § 5313 and its implementing regulation, the undersigned respectfully recommends that they be dismissed for failure to state a claim for relief.

## V.     RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that: (1) the Court lacks subject matter jurisdiction to consider Plaintiff's procedural due process claim set forth in Claim Seven; and (2) Plaintiff's remaining claims against Defendants be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 27th day of October 2020.

_____
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).