Case 2:20-cv-00169  Document 32  Filed on 02/09/21 in TXSD  Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
February 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LOYD LANDON SORROW, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-169 |
| | § | |
| UNITED STATES OF AMERICA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Loyd Landon Sorrow, proceeding pro se and *in forma pauperis*, filed suit challenging the constitutionality of 38 U.S.C. § 5313 and its implementing regulation, 38 C.F.R. § 3.665, as they reduce his military disability benefits because of his criminal conviction. D.E. 1. United States Magistrate Judge Jason B. Libby filed a Memorandum and Recommendation (M&R), recommending that the Court dismiss the case for lack of subject matter jurisdiction regarding the procedural due process claim and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). D.E. 21. Pending before the Court are Sorrow's timely objections (D.E. 23).[1] For the reasons discussed below the Court OVERRULES the objections and ADOPTS the findings and conclusions of the Magistrate Judge.

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P.

---

[1] After the deadline for filing objections to the M&R expired, Sorrow filed a second set of objections. D.E. 31. These objections present no new arguments for the Court to consider in regard to the M&R.

72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, the court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

### A. Preliminary Objections

**Magistrate Judge Authority (Objections One and Fourteen).** Sorrow objects to the Magistrate Judge's authority to enter the M&R under 28 U.S.C. § 636(b)(1)(B) because it presents a dispositive matter. D.E. 23, p. 2, 12. The Court OVERRULES the objection because, under 28 U.S.C. § 636(b), magistrate judges can hear and make recommendations to the district court regarding dispositive motions, even though the district court must make the final ruling, adopting or rejecting the recommendations. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72; *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

**Objection to Prior Magistrate Order (Objection Two).** Sorrow objects to a prior order of the Magistrate Judge which addressed a nondispositive matter. D.E. 6 (addressing motion for judicial notice and request for hearing under Federal Rule of Evidence 201). This objection will be addressed in a separate order.

**Motion to Perpetuate Testimony (Objection Three).** Sorrow seeks to perpetuate the testimony of the United States Attorney General because he is being denied access to and seeks more information on Titles 10 and 38 of the United States

Code. D.E. 23, p. 3. This request was not previously raised and will not be addressed by this Court in this Order.

**Access to Law Library (Objections Three and Four).** Sorrow objects to a denial of access to courts.[2] He complains that he is unable to access federal provisions such as 38 U.S.C. § 5315, 38 C.F.R § 665, 10 U.S.C. § 1203 and others.

"It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). A prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The Supreme Court in *Lewis* held that: "The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. at 355.

In this case, because Sorrow does not challenge the conditions of his confinement or his sentence, the inaccessibility of certain provisions of the United States Code is not a denial of his access to the court. Moreover, his ability to file suit has not been hindered. Accordingly, the Court OVERRULES Sorrow's objection.

**Request for Appointment of Attorney (D.E. 23, p. 12).** After the M&R was issued, Sorrow filed a motion for the appointment of an attorney, which the Magistrate

---

[2] Sorrow objects to the citation in the M&R of *Lewis v. Norton*, No. 09-C-330, 2009 WL 1041815 (E.D. Wis. Apr. 17, 2009) because it is inaccessible or unobtainable. D.E. 23, p. 4. However, he then indicates that he has found the case. The Court OVERRULES this objection as moot.

Judge denied. D.E. 28, 29. His objection to the denial of his motion (D.E. 31) will be addressed by separate order.

**Due Process (Objections Five, Ten, and Eleven).** While Sorrow argues that he does not challenge the Veteran Affair's (VA's) decision to deny him benefits (D.E. 23, p. 4), many of Sorrow's objections directly challenge the failure of the VA to provide him with a hearing prior to the reduction of his benefits. In support of his procedural due process argument, Sorrow cites to *Bell v. Burson*, 402 U.S. 535 (1971) (holding that the Georgia Motor Vehicle Safety Responsibility Act violated the Fourteenth Amendment); *Goss v. Lopez*, 419 U.S. 565 (1975) (students facing temporary suspension from public school were entitled to protection under the Due Process Clause of the Fourteenth Amendment); and *Goldberg v. Kelly*, 397 U.S. 254 (1970) (holding that procedural due process requires a pretermination evidentiary hearing before terminating public assistance payments to welfare recipient).

As the Magistrate Judge determined, this Court does not have subject matter jurisdiction to consider this argument as it challenges the action of the VA. A decision by the VA Secretary regarding benefits to veterans "shall be final and conclusive and may not be reviewed by any other official or by any court." 38 U.S.C. § 511(a). Section 511(a) asks courts to determine whether a plaintiff is challenging the decision of the VA to deny him benefits or challenging an act of Congress. A court has subject matter

jurisdiction only over the latter. *Zuspann v. Brown*, 60 F.3d 1156, 1159–60 (5th Cir. 1995).[3]

The claim Sorrow seeks to prosecute in this Court is whether it is constitutional to summarily reduce disability pay on the basis of a criminal conviction. That issue is addressed below, in connection with other substantive claims. Sorrow's fifth, tenth and eleventh objections are OVERRULED.

### B. Sorrow Does Not Have a Protected Contract or Property Interest on Which to Base His Constitutional Claims (Objections Six, Seven, Eight, and Nine).

Sorrow argues that he has two contracts that have been breached by the statutory reduction of his disability benefits. The contracts arise from his military discharge papers and the terms of his criminal plea agreement.[4] The Magistrate Judge properly determined that Sorrow does not have a contract with the government. D.E. 21, p. 9, 13.

**Military Disability Discharge**. The Supreme Court has long held that "common-law rules governing private contracts have no place in the area of military pay." *Bell v. United States*, 366 U.S. 393, 401 (1961). Instead, military and former military members' entitlement to compensation is governed exclusively by statute. *See Schism v. United*

---

[3] The Magistrate Judge cited to *Lewis*, 2009 WL 1041815, in finding lack of subject matter jurisdiction. Sorrow argues (objection eleven) that *Lewis* is inapplicable because the plaintiff in *Lewis* only challenged § 3.665. However, the application of § 511(a) does not depend on that fact. The Court OVERRULES this objection.

[4] Sorrow cites to *United States v. Central Pacific Railroad Co.*, 118 U.S. 235 (1886) (indicating that the United States owed the railroad company compensation for using parts of the railroad that it did not aid in constructing); *United States v. Northern Pacific Railway Co.*, 256 U.S. 51 (1921) (discussing whether the United States can cancel a patent issued by mistake to Northern Pacific for land in Montana); *United States v. General Motors Corp.*, 323 U.S. 373 (1945) (deciding the parameters regarding payment required by the Fifth Amendment when the United States took temporary occupancy of a leased building); *Bowen v. Gilliard*, 483 U.S. 587 (1987) (holding that the Deficit Reduction Act of 1984 did not violate the Fifth Amendment). These cases are distinguishable from the current case because they do not involve military compensation.

*States*, 316 F.3d 1259, 1268 (Fed. Cir. 2002) (indicating that retirement benefits for military personnel are governed exclusively by statute). Further, in discussing payments to members of the military, the Supreme Court in *Lynch v. United States* stated that "[p]ensions, compensation allowances, and privileges are gratuities. They involve no agreement of parties; and the grant of them creates no vested right. The benefits conferred by gratuities *may be redistributed or withdrawn at any time* in the discretion of Congress." 292 U.S. 571, 577 (1934) (emphasis added); *see also Pate v. United States*, 78 Ct. Cl. 395, 400 (1933) ("Retirement pay and compensation for injuries received in line of duty*,* like 'Pensions are bounties of the Government, which Congress has the right to give, withhold, distribute, or recall, at its discretion.'"). Because military compensation is controlled exclusively by statute, Sorrow does not have a contract with the government.[5]

To support an agreement, Sorrow offers his Enlistment Agreement and his Honorable Discharge. D.E. 2, p. 5–8, 23. The Enlistment Agreement recites that pay, allowances, and benefits are to be "as provided by law and regulation." D.E. 2, p. 5. Additionally, it states:

> In connection with my enlistment, I understand that: . . . statutes and regulations applicable to personnel in the Armed Forces of the United States may change without notice to me and that such changes may affect my status, compensation, or obligations as a member of the Armed

---

[5] The Magistrate Judge cited to *Hall v. West*, No. 99-7070, 1999 WL 1072252 (Fed. Cir. Nov. 17, 1999) and *Lewis*, 2009 WL 1041815. In an attempt to distinguish his case from these cases, Sorrow argues (objection eleven) that the plaintiff in *Hall* did not submit evidence, while Sorrow submitted his documents with the government, and the contracts in these cases are different than his. D.E. 23, p. 4, 9–11. Because military compensation is controlled by statute, any factual distinctions between Sorrow's case and the cases cited by the Magistrate Judge are irrelevant in determining whether a contract existed with the government. The Court OVERRULES the objection.

> Forces, the provisions of this enlistment agreement to the contrary notwithstanding….

D.E. 2, p. 6.  The Enlistment Agreement thus contradicts Sorrow's claims to an entitlement to a fixed, contractual, nonstatutory disability benefit.

Likewise, the Honorable Discharge is a statement of his military service and qualification for disability pay.  Nothing in the document contradicts the statutory regulation of his disability pay.  The Honorable Discharge is not a contract.

**Criminal Plea Agreement**.  Sorrow also argues that his plea agreement is a contract impaired by the statutory reduction of his military disability benefits.  He has not offered a copy of that agreement for the record.  He argues that the plea agreement set out a limit on any punishment he would suffer as a result of his conviction.  Because decrease in his disability pay was not included in the plea agreement and the decrease in pay constitutes a criminal punishment within the scope of the plea agreement, any reduction in pay violates his contract rights.

A plea agreement cannot be construed to limit all collateral damage caused by a criminal conviction. *See Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002) (holding that a defendant need not be informed of all collateral consequences of a plea agreement). Moreover, the suspension of a noncontractual benefit is not considered a punishment under the Constitution. *See Flemming v. Nestor,* 363 U.S. 603, 617 (1960) (indicating that the denial of a noncontractual benefit did not evidence a congressional intent to punish).  Therefore, the argument that the reduction in disability pay is a breach of the plea agreement is without merit.

**Conclusion**.  Because Sorrow's military discharge does not guarantee him a certain level of disability pay insulated from statutory changes and because statutory reductions in disability pay are not punishments that can contravene a plea agreement, the Court OVERRULES the objections as follows:

- Objection Six, complaining that the M&R treats the claim for disability pay as a statutory right rather than a contract right, is OVERRULED because a veteran's disability pay is a creature of statute, was acknowledged as such in Sorrow's Enlistment Agreement, and is properly evaluated as such;

- Objection Seven is OVERRULED because Sorrow has no vested right in benefits that supports a complaint regarding the retroactive application of statutory reductions;

- Objection Eight is OVERRULED because the statutory reduction in benefits does not constitute a retroactive punishment for conduct or a change to contractual rights in violation of the prohibition against ex post facto laws; and

- Objection NINE is OVERRULED IN PART because the reduction in disability pay is not a punishment for purposes of the prohibitions against double jeopardy and bills of attainder.

### C. Potential Claims Based on Equal Protection, Discrimination, Americans with Disabilities Acts (Objection Nine).

Sorrow states that he intends "to amend, or supplement a claim of equal rights." He claims that he is being "singled out from other felons, [receiving] a special sentence that creates a financial burden." He further states it is clear that he is complaining of a "'discrimination' due to [his] . . . compensation, and disability in violation of American Disabilities Act." These claims were not previously raised and will not be addressed by this Court in this Order.

### D. Remaining Objections

**Caselaw (Objection Eleven).** Sorrow objects to the cases cited by the Magistrate Judge because they are either "Veteran Affairs Decisions" or decided "after the 38's were enacted in 1980." D.E. 23, p. 9. Sorrow fails to present any authority to support this objection. The Court OVERRULES the objection, finding no error by the Magistrate Judge.

**M&R Failed to Address All Claims (Objection Twelve)**. Sorrow objects that the Magistrate Judge failed to give a recommendation for each of his constitutional challenges. D.E. 23, pp. 7–9, 11. The Court OVERRULES this objection, finding that the Magistrate Judge adequately addressed Sorrow's challenges.

**Dismissal with Prejudice (Objection Thirteen)**. Sorrow objects to the Magistrate Judge recommending that the Court dismiss his case with prejudice, without an opportunity to amend or supplement his claims, or for discovery or a hearing. D.E. 23,

p. 11. The Court finds no error in the recommendation to dismiss the case with prejudice for failing to state a claim. This objection is OVERRULED.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, Sorrow's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court OVERRULES Sorrow's objections and ADOPTS the findings and conclusions of the Magistrate Judge. The Court DISMISSES Sorrow's claims with prejudice for failure to state a claim.

ORDERED this 9th day of February, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE