United States District Court
Southern District of Texas
**ENTERED**
May 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LOYD LANDON SORROW, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-169 |
| | § | |
| UNITED STATES OF AMERICA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY
## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Loyd Landon Sorrow, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this civil action. Pending is Plaintiff's Motion to Alter or Amend Judgment. (D.E. 36). For the reasons stated below, it is respectfully recommended that Plaintiff's motion be **DENIED**.

## I.     BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas. In his original complaint, Plaintiff sues the United States of America and the United States Attorney General.

Plaintiff is a disabled veteran with two knee injuries. Plaintiff challenges the constitutionality of 38 U.S.C. § 5313 and its implementing regulation 38 C.F.R. § 3.665, as they reduce his military disability benefits because of a criminal conviction. Plaintiff

raised eight claims asserting that § 5313 and its implementing regulation violated: (1) the Separation of Powers doctrine (Claim One); (2) the constitutional prohibitions against bills of attainder (Claim Two), *ex post facto* laws (Claim Three), double jeopardy (Claim Four), the impairment of obligation of contracts (Claim Six) and excessive fine (Claim Eight); (3) the Takings Clause of the Fifth Amendment (Claim Five); and (4) procedural due process (Claim Seven).

The undersigned conducted a *Spears*[1] hearing on August 20, 2020.  On October 27, 2020, the undersigned issued a Memorandum and Recommendation (M&R), recommending that: (1) the Court lacks subject matter jurisdiction to consider Plaintiff's procedural due process claim set forth in Claim Seven; and (2) Plaintiff's remaining claims against Defendants be dismissed with prejudice for failure to state a claim.  (D.E. 21).

On November 23, 2020 Plaintiff filed objections to the M&R based on the following fourteen grounds:

- The undersigned lacked the authority to issues the M&R under 28 U.S.C. § 636(b)(1)(B) (Objections One and Fourteen).

- Plaintiff challenges the undersigned's denial of a motion that addressed a non-dispositive matter (Objection Two).

- The undersigned improperly denied a motion to perpetuate the testimony of the United States Attorney General (Objection Three).

- Plaintiff was improperly denied access to certain federal provisions (Objections Three and Four).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

- Plaintiff challenges the failure of the Veterans Administration (VA) to provide him with a hearing in violation of his due process rights (Objections Five, Ten, and Eleven).

- Plaintiff has a protected contract or property interest on which to base his constitutional claims (Objections Six, Seven, Eight, and Nine).

- Plaintiff intends to amend his complaint to raise claim based on equal protection, discrimination, and the Americans with Disabilities Act (Objection Nine).

- The caselaw cited by the undersigned is neither controlling nor persuasive because they are either "Veterans Affairs Decisions" or decided "after the 38's were enacted in 1980" (Objection Eleven).

- The undersigned failed to give a recommendation for each of his constitutional challenges (Objection Twelve).

- The undersigned improperly recommended dismissal of this case with prejudice for failure to state a claim (Objection Thirteen).

(D.E. 23).  Plaintiff also filed a renewed motion for judicial notice (D.E. 24), a motion for hearing (D.E. 26), and a motion to stay judgment and request appointment of counsel (D.E. 28).  The undersigned denied each of these motions.  (D.E. 30).  Plaintiff objected to the denial of these motions.  (D.E. 31).

In three orders, District Judge Nelva Gonzales Ramos denied each of the objections lodged by Plaintiff seeking to challenge the undersigned's M&R and various rulings.  (D.E. 32, 33, 35).  On February 9, 2021, District Judge Ramos entered a final judgment dismissing this action with prejudice.  (D.E. 34).

## II.   DISCUSSION

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a

motion for relief from judgment under Rule 60(b).  *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).  On March 8, 2021, the Court received Plaintiff's Motion to Alter or Amend Judgment.  (D.E. 36).   Plaintiff's motion is dated March 3, 2021.  (D.E. 36, p. 18).

Pursuant to the prison mailbox rule, the undersigned finds that Plaintiff's motion was filed in this Court on March 3, 2021.[2]  Because Plaintiff filed his motion within twenty-eight (28) days of the entry date of the final judgment, the undersigned will construe his motion as one arising under Rule 59(e).

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence.  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).  A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.  *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *Id.*

Plaintiff contends in his Rule 59(e) motion that: (1) he has a protected contract or property interest on which to base his constitutional claims; (2) he is entitled to injunctive relief as to his claims; (3) the Court failed to properly examine his complaint as a whole; (4) the Court erroneously adopted the findings of the M&R outside the parameters of the 28 U.S.C. § 636(b)(1)(A); (5) the Court improperly allowed the undersigned to "present

---

[2] *Pro se* filings are deemed filed at the time they are deposited into the prison mail system for mailing.  *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011).  Even if the Court were to deem March 8, 2021 as the filing date of Plaintiff's motion, it would still be deemed filed within twenty-eight days of February 9, 2021.

his motions to dismiss and with prejudice"; (6) the Court adopted a misstatement of the statute and implementing regulation; (7) the Court erroneously adopted the undersigned's dismissal of Plaintiff's procedural due process claim for lack of subject matter jurisdiction; (8) Plaintiff was denied proper access to the courts; (9) the Court misstated the law and facts on several occasions, including the proper standard of review; and (10) Plaintiff was not given an opportunity to amend his complaint.

Each of Plaintiff's arguments was either: (1) raised by Plaintiff in his objections to the M&R and rejected by the District Judge; or (2) could have been raised during the course of the proceedings.  A Rule 59(e) motion is an improper vehicle to rehash failed arguments or argue additional matters that could have been raised earlier.  *See Templet,* 367 F.3d at 478-79; *North Cypress Medical Center Operating Co. v. Blue Cross Blue Shield of Texas*, 2010 WL 2245075, at *1 (S.D. Tex. June 2, 2010).  Plaintiff otherwise presents nothing to alter the Court's decision to dismiss this action with prejudice. Because he fails to show a manifest an error of law or fact entitling Plaintiff to any relief, Plaintiff's Rule 59(e) motion should be denied.

## III.   RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion to Alter or Amend Judgment, construed as a Rule 59(e) motion (D.E. 36), be **DENIED**.

Respectfully submitted this 7th day of May 2021.

Jason B. Libby
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).